MARIO MÁRQUEZ MUÑOZ, INC., Appellant, *v.* THE REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1315.    Submitted March 1, 1955.—Decided January 14, 1957.

*Pedro Roldán Figueroa* for appellant.    The Acting Registrar appeared by brief.

PER CURIAM.

The appellant presented to the Registrar of Property of Bayamón, for registration, a chattel mortgage deed. The document was returned with the following note: "This document is returned without taking action thereon for failure to pay the 50-cent tax provided by the Political Code for the registration of documents, and a cautionary notice of 120 days is entered instead pursuant to Act No. 39 of April 23, 1928." Appellant maintains that the tax referred to in the note is not applicable to a chattel mortgage constituted pursuant to the provisions of Act No. 19 of June 3, 1927 (Spec. Sess. Laws, p. 490), 30 L.P.R.A. § 1871 *et seq.*, which is a special Act prescribing the only fees to be paid to the Registrar for filing and recording a document of that nature.

Section 31(3) of the Act of March 9, 1905 (Sess. Laws, p. 164), amended by the Act of March 14, 1907 (Sess.

Laws, p. 330), and again by Act No. 34 of March 7, 1912 (Sess. Laws, p. 68), 13 L.P.R.A. § 1928, provides for the payment *of a tax* of 50 cents for the "registration or record" of the "instrument or document" referred to in the provisions of subd. 1 of that section, "or copy thereof," [1] while the Personal Property Mortgage Law in its § 16 prescribes the fees to which the Registrar shall be entitled, payable in internal-revenue stamps, *for services* rendered pursuant to the provisions thereof, which fees shall accrue to the Commonwealth of Puerto Rico. The 50-cent excise tax and the fees mentioned in § 16, *supra*, are two entirely different things, and both should be collected by the Registrars. Even if the Personal Property Mortgage Law were a special Act, as asserted by appellant, there is no inconsistency or incompatibility between its provisions and those of subd. 3, *supra*.[2] In view of the foregoing, our decision in *Guánica Centrale* v. *Registrar of San Germán*, 23 P.R.R. 523, in so far as the question in the present appeal is concerned, is overruled.

The Registrar's note is affirmed.

---

[1] ". . . original instrument or document attested by a notary public or recorded by a registrar. . . ."

[2] In *Meléndez* v. *Registrar*, 63 P.R.R. 984, we held that § 31(3) of the Act of March 9, 1905, as subsequently amended, has not been expressly or impliedly repealed by the laws mentioned in the opinion of that case. Neither was it repealed by the provisions of the Personal Property Mortgage Law.